S96Y1522. IN THE MATTER OF MARC H. WITTES.

(472 SE2d 429)

PER CURIAM.

Marc H. Wittes petitioned for voluntary discipline, suspending his license to practice law in Georgia. He seeks to resolve six pending disciplinary proceedings against him and admits violating the following Standards of Bar Rule 4-102: Standard 23 (failure to promptly return unearned fees on withdrawal from representation of a client); Standard 65 (D) (failure to maintain records of accounts to reflect the exact balance held for each client); and 68 (failure to respond to State Bar disciplinary authorities). Although he makes no admissions in this regard, in the pending disciplinary proceedings the State Bar also charged Wittes with violations of various other Standards, including Standards 22 (improper withdrawal from representation), and 44 (abandonment of a legal matter). Wittes acknowledges prior disciplinary sanctions against him including a review panel reprimand in 1988 for violating Standards 21 and 22 (both standards involve failure to withdraw properly from representation of a client) and this Court's order in December 1995, requiring a public reprimand for his violation of Standard 68.

In mitigation, Wittes states that during the relevant periods involved in the pending disciplinaries, he was caring for his mother who suffered a stroke, as well as for his children, who also need special attention. In addition, he suffers from back pain as well as psychological problems, including depression, for which he is receiving treatment. Finally, he states that the untimely death of his law part-

ner in November 1994, resulted in additional stress as he was called upon to complete his deceased partner's work in progress. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.32 (factors which may be considered in mitigation), (c) (personal or emotional problems), and (h) (physical or mental disability or impairment).

Wittes requests this Court to order a suspension of not less than two, nor more than three years, with the imposition òf certain conditions for reinstatement. The various special masters appointed in the pending disciplinary proceedings recommend a three-year suspension with the conditions for reinstatement agreed to by Wittes. The review panel rejected the special masters' recommendation, and recommends that Wittes be suspended for two years, with the conditions for reinstatement agreed to by Wittes. The review panel also recommends an additional condition for reinstatement, not specifically agreed to by Wittes, that he refund the retainer fee to his former client in State Disciplinary Board Docket No. 2978. Wittes states that he would agree to that condition, but has been unable to do so because of financial constraints.

Upon consideration of the foregoing, and on review of the records in the pending disciplinaries, this Court accepts Wittes' petition for voluntary discipline with the condition of repayment to his former client as recommended by the review panel, and with the conditions agreed to by Wittes. In light of the various mitigating factors listed by Wittes and the aggravating factors òf Wittes' prior disciplinary offenses, his pattern of misconduct, his multiple offenses, and his substantial experience in the practice of law, see ABA Standard 9.22 (a), (c), (d), and (i), it is ordered that Wittes is suspended from the practice of law in Georgia for a period of three years and until the fulfillment of the conditions to which he has agreed: (1) that three months prior to the expiration of his suspension, he receive certification from the Lawyer's Assistance Program that he is fit to return to the practice of law, and that the Program provide a report to the Office of General Counsel that he suffers from no impairment which would affect his ability to practice; and (2) that he refund to his client the $1,000 retainer in State Disciplinary Board Docket No. 2978.

Within six months of reinstatement, Wittes shall participate in and pay for a full assessment by the Law Practice Management Program of the State Bar. In that regard, he must waive confidentiality so that the Office of General Counsel may confirm that he has undergone and paid for the assessment. Within a reasonable time following review of his practice by the Program, but no later than three months, Wittes must present to the State Bar certification from the Program Director that he has complied with the administrative and/ or operational changes recommended. Upon Wittes' failure to comply

with these post-reinstatement conditions and the State Bar's motion in this Court, Wittes shall be disbarred.

Wittes is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*Voluntary petition accepted; three-year suspension with conditions. All the Justices concur.*

DECIDED JULY 15, 1996.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

*Sylvia K. Morrow,* for Wittes.