S97Y1385. IN THE MATTER OF MARC H. WITTES.
(490 SE2d 394)

PER CURIAM.

Following the finding of probable cause by the Investigative Panel, the State Bar personally served Respondent, Marc H. Wittes, with a Notice of Discipline alleging Wittes violated various professional standards in connection with his representation of a client. Wittes failed to file a Notice of Rejection and is, accordingly, in default. Bar Rule 4-208.1 (b). Based on Wittes' admissions by virtue of his default, his pattern of neglect and abandonment of client matters, and his history of disciplinary misconduct, we order Wittes disbarred from the practice of law in this state.

In this case, Wittes agreed to handle three different legal matters for the client, did not perform work for the client, did not respond to the client's queries about the status of the client's case, did not inform the client of Wittes' suspension from the practice of law, although this Court's order required that he do so, and did not return the client's files on the client's request. In addition, Wittes failed to file a response to the Notice of Investigation in this case as required by Bar Rule 4-204.3.

---

As contended by the State Bar, Wittes' conduct in this case violated the following standards of Bar Rule 4-102 (d): 4 (professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 22 (failure to properly withdraw from employment); 44 (wilful abandonment or disregard of a client's legal matter); 45 (using false statements or otherwise engaging in illegal conduct or conduct in violation of disciplinary rules in the representation of a client); and 68 (failure to respond to disciplinary authorities in accordance with disciplinary rules).

The fact that this is Wittes' sixth disciplinary infraction provides grounds for disbarment. Bar Rule 4-103. This Court recently accepted Wittes' petition for voluntary discipline, in which he admitted violating Standards 23, 65 (D), and 68, and suspended him for three years with conditions. *In the Matter of Marc H. Wittes*, 267 Ga. 52 (472 SE2d 429) (1996). In addition, this Court ordered a review panel reprimand in 1988 for Wittes' violations of Standards 21 and 22, and a public reprimand in December 1995, for his violation of Standard 68. Wittes received an Investigative Panel reprimand in 1988 for violating Standard 68 and a Formal Letter of Admonition in 1988 for violating Standards 22 and 44.

In addition to his substantial history of disciplinary misconduct, the following aggravating factors warrant increased discipline: Wittes' pattern of misconduct and multiple offenses, his failure to comply with the rules of the disciplinary authorities, and his substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions (1991), Standard 9.22 (a), (c), (d), (e), and (I).

Accordingly, Wittes is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c) (1) and (2).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 6, 1997.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.