## S00Y1041. IN THE MATTER OF RICHARD O. WARD.
### (529 SE2d 371)

PER CURIAM.

Subsequent to the State Bar's issuance of a Formal Complaint, Respondent Richard O. Ward filed a Petition for Voluntary Discipline, pursuant to Bar Rule 4-227 (c), in which he admitted engaging in conduct that violated Standards 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) and 45 (b) (in his representation of a client, a lawyer shall not knowingly make a false statement of law or fact) of Bar Rule 4-102 (d), and requested an indefinite suspension, as defined in Bar Rule 4-102 (b) (2), with conditions. Although a violation of either standard is punishable by disbarment, the State Bar and special master recommend that this Court accept Ward's petition. We agree that an indefinite suspension with conditions is an appropriate sanction in this matter and hereby accept Ward's petition.

In his petition, Ward admits that he represented a client between September 1994 and July 1996 in the client's appeal of a criminal conviction for murder; he filed a motion for new trial for the client, which was denied on July 3, 1996; and, after July 1996, he performed no work on the client's case until the client filed a grievance with the State Bar in December 1998. On February 10, 1999, Ward

filed a motion for out-of-time appeal in the case, which was granted on February 23, 1999. Although Ward stated under oath on April 1, 1999, in response to the client's grievance, that he had disregarded the client's case between July 1996 and early 1999 but that, subsequent to the grant of the out-of-time appeal, he had properly and timely filed a notice of appeal for the client in this Court, Ward did not file a notice of appeal with this Court and, in his petition, admitted that he knowingly made a false statement regarding the filing.

We have reviewed the record and agree that Ward has violated Standards 44 and 45 (b) of Bar Rule 4-102 (d). In mitigation of discipline, we note that Ward suffers from a mental impairment that affected both his judgment and his ability to attend to clients and the legal matters entrusted to him; has sought and received professional help from a mental health counselor; accepts responsibility for his conduct; expresses deep remorse; has displayed a cooperative attitude in the disciplinary proceedings; and has no prior disciplinary record. See *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996). Accordingly, Ward is hereby suspended from the practice of law in Georgia indefinitely and until he fulfills the following conditions: (1) obtains a determination from the Lawyer Assistance Program certifying that he is mentally fit to return to the practice of law; (2) waives confidentiality and has the Lawyer Assistance Program provide a report to the Office of General Counsel concerning Ward's mental fitness to return to the practice of law; (3) obtains a determination from the Review Panel of the State Disciplinary Board, with subsequent review and determination by this Court, concerning Ward's mental fitness to resume the practice of law; and (4) returns all files to all clients who request them. See *In the Matter of Wittes*, 267 Ga. 52 (472 SE2d 429) (1996). Ward is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with conditions. All the Justices concur.*

DECIDED MAY 1, 2000.

*Donald E. Evans*, for Ward.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.