*Gary P. Bunch*, for Burton.

## S01Y1866. IN THE MATTER OF RICHARD O. WARD.
### (553 SE2d 796)

PER CURIAM.

This matter is before the Court on respondent Richard O. Ward's Petition for Voluntary Discipline, submitted pursuant to Bar Rule 4-227 (c) (1) after the filing of a Formal Complaint in which the State Bar alleged that Ward violated Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disregard a legal matter entrusted to him) of Bar Rule 4-102 (d). In the petition Ward admits violating Standard 44 and seeks the imposition of an indefinite suspension, with reinstatement only upon satisfying the conditions set forth in a prior disciplinary matter in which Ward admitted violating Standards 44 and 45 (b) (in his representation lawyer shall not knowingly make a false statement of law or fact) and in which the Court ordered Ward suspended indefinitely, see *In the Matter of Ward*, 272 Ga. 369 (529 SE2d 371) (2000) (*"Ward I"*). In *Ward I*, Ward agreed that he would (1) obtain a determination from the Lawyer Assistance Program ("LAP") certifying that he is mentally fit to return to the practice of law; (2) waive confidentiality and have the LAP provide a report to the Office of General Counsel concerning Ward's mental fitness to return to the practice of law; (3) obtain a determination from the Review Panel of the State Disciplinary Board, with subsequent review and determination by this Court, concerning Ward's mental fitness to resume the practice of law; and (4) return all files to all clients who request them. Id. at 370. The State Bar and the special master recommend that the Court accept Ward's petition.

Ward admits that he represented clients in a personal injury suit, but did not file or serve on their behalf a response to a motion for summary judgment filed by the adverse party. As a result, the trial court dismissed the clients' suit with prejudice. Ward admits that his conduct violated Standard 44 and offers in mitigation his cooperative attitude towards these proceedings. The special master notes in aggravation that Ward has a prior disciplinary record and that he has substantial experience in the practice of law, having been admitted in 1983. Although a violation of Standard 44 may be punished by disbarment, Ward seeks, and the State Bar and special master recommend, an indefinite suspension with conditions.

After weighing the factors in aggravation and in mitigation of Ward's conduct, we agree that an indefinite suspension is the appropriate sanction in this matter. Accordingly, Ward hereby is suspended from the practice of law in Georgia indefinitely and until he fulfills the conditions set forth above and in *Ward I*. To the extent he has not already satisfied them, Ward is reminded of his duties under Bar Rule 4-219 (c).

*Indefinite suspension with conditions. All the Justices concur.*

DECIDED OCTOBER 1, 2001.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar,* for State Bar of Georgia.