## S09Y1449. IN THE MATTER OF WENDELL S. HENRY.
### (684 SE2d 624)

PER CURIAM.

This disciplinary matter is before the court on separate Report and Recommendations from the special master, Marc A. Mallon, on four disciplinary matters filed against Respondent Wendell S. Henry. Taken together, the special master found that in connection with his representation of four unrelated clients, Henry violated Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16 (d), 3.2, 3.5 (c), 5.5 (a), 8.1, 8.4 and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), and he recommends that Henry be disbarred. We agree.

The State Bar filed Formal Complaints on each of the four disciplinary matters, but Henry, who has been a member of the Bar since 1991, wholly failed to file an Answer to two of the Formal Complaints, and his Answers in the remaining two matters were stricken as a sanction for his abuse of the discovery process in these matters. As a result, the State Bar moved for, and was granted, a default judgment in each matter, such that the allegations of each complaint were deemed admitted.

With regard to the first matter, we find that Henry represented a client in a lawsuit in DeKalb County. The client discharged Henry, hired new counsel, and both the client and new counsel requested the client's file from Henry. Henry failed or refused to surrender the client file to either party. In October 2005 new counsel obtained, and served on Henry, a court order requiring surrender of the file, but Henry ignored the order. The client then filed a grievance against Henry with the State Bar. In the Fall of 2005 the State Bar twice wrote Henry in an effort to obtain his response to the allegations set out in the grievance, but he failed to respond to either letter. Sometime after December 21, 2005, Henry finally provided new counsel with a copy of part, but not all, of the client's file, and improperly billed her $250 for copying. Henry did not respond to inquiries from the Investigative Panel of the State Disciplinary Board about this matter, and although he acknowledged service of the Notice of Investigation, he failed to timely respond. By his admitted actions in this matter, we find that Henry violated Rules 1.16, 3.2, 3.5 and 9.3.

In the second matter, we find that Henry undertook to represent the client in a workers' compensation matter in June 2001. In March 2005, Henry advised the client that the employer wanted to settle the matter and that he would be working on a settlement package. In December 2005, after repeated attempts to reach Henry by phone were unsuccessful, the client filed a grievance with the State Bar and mailed Henry a letter discharging him. Despite the client's requests, Henry failed to return her file. As in the first matter, Henry failed to respond to inquiries from the Investigative Panel of the State Disciplinary Board about this matter, and failed to timely respond to the Notice of Investigation despite having acknowledged service thereof. Thus, we conclude that in handling this matter Henry violated Rules 1.3, 1.4, 1.16 and 9.3.

With regard to the third matter, we find that Henry was a "member agent" of a title insurance company. In such capacity he had the authority to issue title insurance policies and the responsibility to report the issuance of policies to the company, collect premiums for those policies, remit the premiums and necessary paperwork, return unused forms, and submit to the company's examination of his escrow account. During 2007, Henry began failing to meet his responsibilities to the company and refused to submit to an examination of his escrow account. Effective October 11, 2007 the company terminated him as a member agent. Henry continued to refuse to submit to an audit of his escrow account or to otherwise account to the company for premiums, commitments, forms and other property that belong to the company. As in the first two matters, Henry acknowledged service of the Notice of Investigation,

but in this case he submitted an untimely written response to the Notice in which he knowingly made false statements concerning this matter. Thus we conclude that by his admitted actions in this matter, Henry violated Rules 1.15 (I), 1.15 (II), 8.4 and 9.3.

Finally, with regard to the fourth matter, we find that between October 31, 2007 and February 22, 2008, Henry actively represented a client in a workers' compensation matter despite being on interim suspension during that time. As in the third matter, Henry acknowledged service of the Notice of Investigation issued with regard to this matter, but submitted an untimely response that contained false statements concerning his representation of this client. Thus, we conclude that by his admitted actions in this matter, Henry violated Rules 5.5 (a), 8.1 (a) and 9.3.

In addition to the above, we note that the record reflects that the first two grievances filed against Henry proceeded to Formal Complaint only after Henry failed or refused to accept delivery of certified letters advising him of the Investigative Panel's decision to issue him Investigative Panel reprimands with regard to those matters. Further, the records in these cases show that the State Bar and the special master gave Henry more than sufficient opportunity to explain his behavior and to assert his defenses to the various charges, but the files are replete with examples of Henry failing or refusing to participate meaningfully in the disciplinary proceedings. We find that his behavior clearly obstructed the proceedings below.

Although a public reprimand is the maximum available sanction for a violation of Rules 1.4, 1.16, 3.2, 3.5 (c) or 9.3, any single violation of Rules 1.3, 1.15 (I), 1.15 (II), 5.5 (a), 8.1 or 8.4 allows for disbarment. We note the absence of factors in mitigation of discipline, but find in aggravation that Henry has a prior disciplinary history, having received a public reprimand in 2001; that this case involves multiple offenses and multiple clients; that Henry's behavior exemplifies a pattern and practice of misconduct; and that Henry either failed to participate in the disciplinary process or submitted false statements during that process, thereby obstructing it. For all of these reasons, we find disbarment to be the appropriate sanction for Henry's actions and hereby order that the name of Wendell S. Henry be removed from the rolls of persons entitled to practice law in the State of Georgia. Henry is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 5, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W.*

*Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.