S09Y1580. IN THE MATTER OF JAMES M. KIMBROUGH III.

(685 SE2d 713)

PER CURIAM.

This disciplinary matter is before the court on separate Report and Recommendations from the special master, Brad Joseph McFall, on three disciplinary matters filed against Respondent James M. Kimbrough III. Taken together, the special master found that in connection with his representation of three unrelated clients, Kimbrough violated Rules 1.2 (a), 1.3, 1.4, 1.5, 1.16, 3.2, 8.1 and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d), and he recommends that Kimbrough be disbarred.

The State Bar filed Formal Complaints on each of the three disciplinary matters and Kimbrough, who has been a member of the Bar since 1969 but who is currently under an interim suspension, was properly served with those complaints by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). When he failed to file an answer to the Formal Complaints, the State Bar moved for, and was granted, a default judgment in each matter, such that the allegations of each complaint were deemed admitted.

With regard to the first matter, we find that in February 2002, a client paid Kimbrough $900 to represent her in the adoption of a

relative's child; that the client provided Kimbrough with all the information needed to complete the adoption including surrenders of parental rights executed by the biological parents; that Kimbrough failed to file the petition for adoption; that Kimbrough initially did not respond truthfully to the client's inquiries about the status of her legal matter and in 2006 stopped responding to her calls altogether; that in December 2006, Kimbrough sent the client a letter suggesting that she retain another attorney and promising to return her retainer; but that the letter was addressed incorrectly and thus the client never received it. Further, Kimbrough misrepresented facts in his response to the Investigative Panel. By his actions in this matter, we find that Kimbrough violated Rules 1.3, 1.4, 1.5, 3.2, and 8.1.

In the second matter, we find that in March 2006, a client paid Kimbrough $500 to represent her in incorporating a business; that Kimbrough provided the client with articles of incorporation and a taxpayer ID number but never completed the incorporation process by ensuring that the proper documents were registered with the Secretary of State; that the client learned that the incorporation had not been registered when she attempted to transfer ownership of her business in May 2007; and that the client then unsuccessfully attempted to contact Kimbrough but learned that he had moved from his office and disconnected his phone. Kimbrough did not respond to inquiries from the Investigative Panel of the State Disciplinary Board about this matter. Thus, we conclude that in handling this matter Kimbrough violated Rules 1.3, 1.4, 1.16 and 9.3.

Finally, with regard to the third matter, we find that in January 2006, a client paid Kimbrough $1,500 to represent her in a child support matter; that the representation agreement provided that the client would be reimbursed for her retainer if fees were obtained from the opposing party; that in May 2007, the parties entered into a consent order; that the opposing party paid $1,500 in fees to Kimbrough; that Kimbrough did not reimburse the client's retainer or provide her with any copies of the child support order or any other documents from her case; that, upon repeated inquiry from the client, Kimbrough twice told her that he would provide her the reimbursement and the copies of her documents, but did not do so; that Kimbrough eventually stopped responding to the client's inquiries; and that in August 2007, during these disciplinary proceedings, Kimbrough sent the client a check for $1,000 (with no explanation as to the remaining $500), but has never provided her with her file or with copies of court documents related to her case. Thus we conclude that by his actions in this matter, Kimbrough violated Rules 1.4, 1.5, and 1.16.

Although a public reprimand is the maximum available sanction for a violation of Rules 1.4, 1.5, 1.16, 3.2 or 9.3, any single violation

of Rules 1.2, 1.3 or 8.1 allows for disbarment. Further, since Kimbrough already has received a confidential reprimand and a confidential letter of admonition, we find that Rule 4-103 (finding of a third or subsequent disciplinary infraction shall alone constitute discretionary grounds for suspension or disbarment) is applicable to these matters. We note the absence of factors in mitigation of discipline, but find in aggravation that Kimbrough has a prior disciplinary history; that this case involves multiple offenses and multiple clients; that Kimbrough either failed to participate in the disciplinary process or submitted false statements during that process; and that Kimbrough seems indifferent to making restitution. For all of these reasons, we find disbarment to be the appropriate sanction for Kimbrough's actions and hereby order that the name of James M. Kimbrough III be removed from the rolls of persons entitled to practice law in the State of Georgia. Kimbrough is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*William P. Smith III, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia.