S09Y0704. IN THE MATTER OF COLEMAN C. EATON, JR.

(685 SE2d 279)

PER CURIAM.

In this disciplinary matter Coleman C. Eaton, Jr., failed to file a Notice of Rejection to the Notice of Discipline, after being properly served under Bar Rule 4-203 (b) (3) (i), of the Georgia Rules of Professional Conduct. Therefore, Eaton is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The admitted facts show that in State Disciplinary Board

("SDB") Docket No. 5591, Eaton represented a client in an automobile collision, but did not engage in negotiations or send a settlement offer to the opposing party and did not file suit on the client's behalf. Eaton did not act with reasonable diligence and promptness in representing the client, did not make reasonable efforts to expedite litigation consistent with the client's interests, did not explain matters to the client, did not keep the client reasonably informed, and did not comply with the client's requests for information. Eaton informed the opposing party and a third party that he was no longer representing the client, but denied making such statements to the client and incorrectly informed her that a settlement demand was pending. After the Office of General Counsel of the State Bar ("OGC") contacted Eaton when the client filed a grievance, his initial response to OGC included the false statements that he had met with the client regarding her concerns and that they had resolved all issues. Upon termination of the representation, Eaton did not take steps to protect his client's interests.

In SDB Docket No. 5592, Eaton represented another client in a divorce case. The client paid legal costs and fees to Eaton and Eaton filed a complaint for divorce on his behalf. Although the client provided Eaton with information and proposed discovery responses, Eaton altered the client's responses without consulting him, such that Eaton submitted misleading and inaccurate discovery responses. Eaton did not provide the client with financial information submitted by the opposing party. Eaton signed the client's name to a financial affidavit, which included misleading and inaccurate information, without authorization and without noting on the face of the affidavit that Eaton had so signed. Eaton presented this financial affidavit to the court but did not provide a copy to the client. After the client terminated the representation and requested his file, Eaton did not provide a complete client file and Eaton did not refund unearned fees to the client. After OGC contacted Eaton when the client filed a grievance, Eaton's initial response included the false statement that the client had signed the financial affidavit. Eaton did not explain matters to the client, keep the client reasonably informed, promptly comply with the client's requests for information, or protect the client's interests upon termination of representation.

Eaton did not submit a response to either Notice of Investigation. The Investigative Panel recommends that Eaton be disbarred, noting that aggravating factors include Eaton's receipt of prior discipline; his dishonest motive in the instant disciplinary cases, which suggest a pattern of misconduct and multiple offenses; his submission of false statements to the OGC during informal investigation of the instant cases; and his failure to acknowledge his

wrongful conduct.

Based on these admitted facts, Eaton has violated Rules 1.2, 1.3, 1.4, 1.16, 3.2, 3.3, 8.4 (a) (1), 8.4 (a) (4), and 9.3, all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2, 1.3, 3.3, and 8.4 (a) (4) is disbarment; the maximum sanction for a violation of Rules 1.4, 1.16, 3.2, and 9.3 is a public reprimand; and the maximum sanction for a violation of Rule 8.4 (a) (1) is the maximum penalty for the specific Rule violated.

Having reviewed the record we agree that disbarment is the appropriate sanction in this case. It is hereby ordered that the name of Coleman C. Eaton, Jr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Eaton is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*William P. Smith III, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.