S09Y2049. IN THE MATTER OF MARCEA O'BRIEN-CARRIMAN.

(702 SE2d 635)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of special master William V. Custer on Respondent Marcea O'Brien-Carriman's[1] petition for voluntary discipline. The special master recommends accepting the petition and imposing on O'Brien-Carriman a three-month suspension with conditions for her admitted violations of Rules 5.3 (b), 5.4 (a) and 8.1 (a) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Inasmuch as a violation of any of those rules could subject the respondent to disbarment, we reject the recommendation for a three-month suspension in this case.

The admitted facts show that within months after being admitted to the Bar, the respondent began a business relationship with a nonlawyer and agreed to compensate that individual by paying her a percentage of the fees earned in the cases upon which the individual worked. Less than a year later, that relationship ended when the respondent became concerned that the individual was engaging in the unauthorized practice of law. As a result of the investigation into

---

[1] Georgia State Bar Number 141878.

the nonlaywer, the Office of General Counsel ("OGC") made inquiries of the respondent as to the manner in which she compensated the nonlawyer. The respondent made false statements in two of her submissions to the OGC before finally admitting that she agreed to split fees. Thus, we agree that the respondent violated Rules 5.3 (b), 5.4 (a) and 8.1 (a).

Making false statements to the Bar during the disciplinary process is a very serious matter which typically results in, at least, a significant suspension from the practice of law, see *In the Matter of Favors*, 283 Ga. 588 (662 SE2d 119) (2008) (imposing a three-year suspension, where Favors used settlement funds for her own personal benefit; overdrew her attorney trust account; and submitted false information and fabricated documents to the Bar during its investigation of her actions); *In the Matter of Shehane*, 276 Ga. 168 (575 SE2d 503) (2003) (disbarring lawyer who essentially abandoned a client to the client's detriment; made misrepresentations to the client about the status of his case; and made false representations and submitted fabricated documents to the Bar in the investigation of the client's subsequent grievance). There are some mitigating factors. Once the respondent admitted her behavior, she was "very forthright and very apologetic" about the arrangement and her earlier false statements and cooperated fully in these disciplinary proceedings. The respondent has no prior disciplinary history; she had no mentor to guide her in starting her solo practice; the record does not reflect that any specific harm came to any client as a result of the respondent's actions; the respondent was suffering from a physical ailment and significant stress associated with the failure of her solo practice; and she is deeply remorseful for her behavior. Given the serious nature of the rules violated and O'Brien-Carriman's dishonesty which hindered the Bar's inquiry, a three-month suspension is an insufficient level of discipline despite the mitigating factors involved.

Thus, based on our review of the record, the recommendation of the special master to accept the Petition for Voluntary Discipline is rejected. See *In the Matter of E. T. M.*, 285 Ga. 814 (683 SE2d 596) (2009) (rejecting petition for voluntary discipline despite Bar's lack of objection).

*Petition for voluntary discipline rejected. All the Justices concur, except Melton, J., who dissents.*

DECIDED NOVEMBER 22, 2010.

*William P. Smith III, General Counsel State Bar, Jonathan W.*

*Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.