# Court of Appeals
# of the State of Georgia

ATLANTA,   August 08, 2012

*The Court of Appeals hereby passes the following order:*

## A12A0934. CHARLES P. ROBINSON v. THE STATE.

Appellant Charles P. Robinson appealed from the denial of his motion for new trial following his conviction by a jury of possession of cocaine with intent to distribute and other charges. Appellant was represented at trial by a public defender, but new counsel, William M. Peterson, represented him at the hearing on the motion for new trial and subsequently filed several notices of appeal on his behalf. Robinson was convicted in 2006, and Peterson filed a timely notice of appeal in 2007 following the denial of Robinson's motion for new trial. But the notice of appeal apparently was sent to the wrong address, and Robinson was granted leave to file an out-of-time appeal, which was later dismissed due to the failure to file a brief or enumeration of errors. Peterson filed this, Robinson's second, out-of-time appeal in February 2011, and it was docketed in this Court on January 17, 2012. Pursuant to Court of Appeals Rule 13 and 23 (a), Appellant's brief, including enumerations of error, was due to be filed no later than February 6, 2012, but to date no brief has been filed.

It appearing, however, that on March 19, 2012, the Supreme Court of Georgia suspended Peterson's license to practice law for a period of three years, *In the Matter of William M. Peterson*, 290 Ga. 794 (725 SE2d 252) (2012) and that subsequently Peterson voluntarily surrendered his license, *In the Matter of William M. Peterson*, __ Ga. __ (Case No. S12Y1594, decided July 2, 2012), and it further appearing that due to clerical error, Appellant may have received notice only recently that Peterson failed to file an Appellant's Brief on his behalf in this matter, we hereby remand this case to the trial court for a determination of whether Appellant is indigent and thus whether he is entitled to the appointment of new counsel to represent him on appeal.

If the trial court determines that Appellant is entitled to appointed counsel, said counsel shall have a period of thirty (30) days from the date of his appointment in which to file a notice of appeal in this case. If the trial court determines that Appellant is not indigent and thus not entitled to appointed counsel, Appellant shall have a period of thirty (30) days from the entry of the trial court's order on the issue of indigence in which to obtain appellate counsel and to file a notice of appeal or in which to file a pro se notice of appeal on his own behalf.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 08/08/2012
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


, *Clerk.*