[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14236

Non-Argument Calendar

_____

JOAN P. DAVIS,

                                        Plaintiff-Appellant,

*versus*

DAVID ERICH NAHMIAS,
of the Georgia Supreme Court,
in his individual capacity,
HEIDI M. FAENZA,
Director of Admissions ofthe Office of Bar Admissions,
in her individual capacity,
JOHN C. SAMMON,
Chairman of the Board to Determine Fitness of Bar Applicants,
in his individual capacity,

2                       Opinion of the Court                    23-14236

THE OFFICE OF BAR ADMISSIONS, et al.,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02413-MHC

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Joan P. Davis, a formerly-licensed attorney proceeding *pro se*, alleging violations of 42 U.S.C. § 1983, appeals the district court's decisions dismissing her claims and denying her post-judgment motions. First, Davis argues that the district court erred in finding that she lacked standing to challenge the State Bar of Georgia Rules ("Bar Rules"). Second, Davis argues that the district court erred in finding that her complaint failed to state claims upon which relief could be granted. Lastly, Davis argues that the district court abused its discretion in denying her motion for leave to file a second amended complaint and her motion to alter or amend the judgment. After careful review, we affirm the district court's decisions dismissing her claims and denying her post-judgment motions.

## I.

Court filings[1] show that Davis was a practicing attorney in Georgia before the State Bar of Georgia disbarred her for violating its Rules of Professional Conduct in 2012. *See In re Davis ("Davis I")*, 725 S.E.2d 216, 217 (Ga. 2012). A few years later, she applied to the Georgia Office of Bar Admissions for reinstatement, but the Office's Board to Determine Fitness of Bar Applicants denied her application. *See In re Davis ("Davis II")*, 834 S.E.2d 93, 94 (Ga. 2019). On appeal, the Georgia Supreme Court upheld the Board's denial. *Id.* at 96. Unsatisfied with the outcome, she brought her grievances to the Northern District of Georgia and named three officials as defendants in their individual capacities—David E. Nahmias, Chief Justice of the Georgia Supreme Court; Heidi M. Faenza, Director of Admissions of the Office of Bar Admissions; and John C. Sammon, Chairman of the Board. Citing to *Davis I* and *Davis II*, Davis alleged various federal and state constitutional violations. In her prayer for relief, Davis requested various injunctions on the administration of the Bar Rules and "such further legal and equitable relief as is equitable and just."

After the Defendants filed a motion to dismiss, the district court dismissed Davis's claims as barred under the *Rooker-Feldman* doctrine. On appeal, we affirmed the dismissals for claims that "amounted to an impermissible appeal of a final state court judgment" denying her reinstatement but vacated those where the

---

[1] We note that Davis cited to the following cases in her amended complaint, and the district court took notice of them without objection.

district court erred in concluding that the *Rooker-Feldman* doctrine barred claims that "were not appeals or de facto appeals of the Georgia Supreme Court's rulings." We also dismissed any claims against Faenza and against Defendants for monetary damages. What remained were counts alleging due process violations by the Bar Rules and a violation of her constitutional right to privacy when Chief Justice Nahmias published *Davis II*, which contained her private affairs.

Upon remand, the remaining Defendants renewed their motion to dismiss, arguing that Davis lacked standing to challenge the Bar Rules because she did not have a pending application for readmission and that she failed to state a claim upon which relief could be granted because her amended complaint failed to meet the requisite pleading standard. In response, Davis argued that she did have standing, but she did not address Defendants' argument about her failure to state a claim.

In April 2023, the district court again dismissed Davis's claims and found that Davis lacked standing to challenge the Bar Rules because she had no pending application for readmission to the Georgia bar. And while Davis did allege a privacy injury in fact, the district court determined that Davis failed to articulate how a favorable decision on the merits would redress that injury. But even assuming standing existed, the district court found that her complaint still failed on the merits because it did not state claims upon which relief could be granted.

About a month later, Davis filed a motion for leave to file a second amended complaint under Fed. R. Civ. P. 15(a). In her new complaint, she alleged that she contacted the State Bar in December 2022 to request permission to apply for readmission, and the State Bar granted it in March 2023. This development, according to Davis, showed that she now had standing. That same day, she also filed a motion to alter or amend the district court's April 2023 order under Fed. R. Civ. P. 59(e), for reasons cited in her motion for leave.

The district court denied both motions, holding that the plain language of Rule 15 barred Davis's attempt to file an amended complaint after judgment had been entered and that she cannot use Rule 59 to relitigate raised-and-rejected arguments in the district court's order.

Davis timely appealed, challenging the district court's dismissal of her claims for lack of standing and failure to state claims upon which relief could be granted and its denial of her two post-judgment motions.

## II.

"[S]tanding is 'a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims,' and we review the district court's conclusion on this question *de novo*." *Dillard v. Chilton Cnty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007) (quoting *Dillard v. Baldwin Cnty. Comm'rs*, 225 F.3d 1271, 1275 (11th Cir. 2000)). We also review *de novo* a district court's ruling on a Fed. R. Civ. P. 12(b)(6) motion for failure to state

a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Boyle v. City of Pell City*, 866 F.3d 1280, 1286 (11th Cir. 2017). For denials of a motion for leave to amend a complaint and a motion to alter or amend the judgment, we review under an abuse of discretion standard. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1291 (11th Cir. 2007) (Rule 15(a); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014) (Rule 59(e)).

The plaintiff bears the burden of establishing standing. *Tanner Advert. Grp., L.L.C. v. Fayette Cnty.*, 451 F.3d 777, 791 (11th Cir. 2006). Standing is determined at the time the complaint is filed. *Arcia v. Sc'y of Fla.*, 772 F.3d 1335, 1340 (11th Cir. 2014). "To establish Article III standing, an injury must be 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010)). Establishing an abstract injury is not enough to show standing. *City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983). Rather, "the plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id.* at 101–02 (cleaned up). A plaintiff has not met his standing requirements by "raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws,

23-14236               Opinion of the Court                    7

and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Dillard*, 495 F.3d at 1331 (quoting *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 601 (2007)).

Here, we conclude that the district court did not err in holding that Davis lacked standing. In short, Davis is requesting injunctive relief to enjoin Defendants from using the Bar Rules to govern bar admissions because they are unconstitutional.[2] But when she filed her complaint and amended complaint, she had not reapplied for readmission and thus was not subject to the Bar Rules. In other words, Davis has not shown a "personal stake in the outcome" because there was no "real and immediate" injury or threat of injury to her. *Lyons*, 461 U.S. at 101–02 (cleaned up).

Davis rebuts that she intended to reapply in the future, but these intentions are still conjectural and hypothetical. "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury" required to find standing. *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992)). Accordingly, we affirm as to this issue.

### III.

---

[2] Davis does not challenge the district court's conclusion that she did not have standing in her claim alleging a constitutional violation of her privacy. Thus, any potential argument in this respect is abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

But even assuming standing existed, we conclude that Davis forfeited any challenges to the district court's ruling that she failed to state claims upon which relief could be granted. A party may forfeit an issue by first raising it late in proceedings before the district court. *See Thomas v. Bryant*, 614 F.3d 1288, 1304–06 (11th Cir. 2010); *see also United States v. Millet*, 559 F.2d 253, 257 (5th Cir. 1977) ("This Court is of the opinion that raising this issue by way of a post-trial motion was so untimely as to amount to a waiver."). In *Thomas v. Bryant*, we held that the defendants forfeited any arguments on appeal regarding the proper standard to review for an Eighth Amendment violation because they only first raised it in a post-trial motion. 614 F.3d at 1305. Such delay was inexcusable when the defendants had ample notice that the plaintiffs and district court intended to use a different standard. *Id.* at 1305–06.

Here, in Defendants' renewed motion to dismiss, they argued that Davis lacked standing to pursue her claims under Fed. R. Civ. P. 12(b)(1) and that she failed to state a claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6). But Davis only responded to the former. She never acknowledged Defendants' Rule 12(b)(6) arguments, and she continued to ignore any Rule 12(b)(6) arguments in her post-judgment motions. We thus conclude that Davis has forfeited any challenges to the district court's Rule 12(b)(6) ruling on appeal and affirm on this issue. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.").

**IV.**

Finally, Davis challenges the district court's denials of her motion for leave to amend under Rule 15(a) and her motion to alter or amend the judgment under Rule 59(e).  First, we conclude that the district court did not abuse its discretion in denying Davis's motion for leave to file a second amended complaint.  "Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original); *see United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) ("[Rule 15(a)] has no application once the district court has dismissed the complaint and entered final judgment for the defendant.").  The district court dismissed Davis's claims with prejudice on April 11, 2023.  The clerk entered judgment three days later.  Davis then filed her motion for leave on May 8, 2023.  Because Davis moved to amend her complaint after the judgment was entered, the district court did not abuse its discretion in denying Davis's Rule 15(a) motion.  Rule 15(a) has no application after the judgment has been entered.

Second, we conclude that the district court did not abuse its discretion in denying Davis's Rule 59(e) motion to alter or amend the judgment.  Rule 59(e) allows courts to grant reconsideration or alter a judgment "only where there is 'newly-discovered evidence or manifest errors of law or fact.'"  *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1349 (11th Cir. 2016)).  A Rule 59(e) motion does not permit the losing party to "relitigate old matters, raise argument or present

evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up). When a party attempts to introduce evidence on a Rule 59(e) motion, "the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997).

In Davis's motion, she moved for the district court to alter or amend the judgment because she received permission to reapply for the State Bar. But this does not constitute newly discovered evidence after judgment had been entered. Davis reached out to the State Bar for permission to apply for readmission in December 2022, and the State Bar granted it in March 2023. The district court issued its judgment in April 2023. Davis had time to alert the district court of this development before it issued its order, but she chose not to do so. Davis cannot use Rule 59(e) to introduce previously known evidence prior to judgment in order to alter or amend the judgment. We thus also affirm the district court on this issue.

## V.

For the reasons stated, we affirm the district court's dismissal of Davis's claims and affirm the district court's denial of Davis's post-judgment motions.

**AFFIRMED.**