S11Y1626. IN THE MATTER OF TONY C. JONES.
(716 SE2d 222)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of the Review Panel which recommends that Respondent Tony C. Jones (State Bar No. 403935) be publicly reprimanded and made to repay his client the amount of the judgment entered against his client as discipline for Jones's admitted violations of Rules 1.3, 1.4, and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar has filed exceptions to the Report and Recommendation and seeks Jones's disbarment. We agree with the State Bar that a public reprimand is

insufficient punishment for Jones's admitted violations, but believe that disbarment is too severe a sanction in this case.

Because Jones failed to file an answer to the Formal Complaint which had been personally served on him, he was deemed to have admitted all the allegations made therein, see Bar Rule 4-212 (a). Accordingly, we find that in or about August 2007, a client retained Jones to file a contempt action against the client's ex-wife. Jones filed the petition, but thereafter did not take any action on the client's behalf. He failed to communicate with the client; failed to respond to the client's calls and e-mails; failed to provide the client with information about his case despite promising to do so; and failed to tell the client that his ex-wife had filed a counterclaim. Jones continued multiple hearings in the matter without notifying the client. When the court scheduled a hearing in the matter for October 2008, Jones did not notify the client or attend the hearing on his behalf. In the end, the court entered an order dismissing the client's contempt action and finding against him on his ex-wife's counter-claim. Jones did not notify the client about the court's order, and the client did not become aware of it until he realized his wages were being garnished. The client filed a grievance against Jones, and although Jones was served with the resulting Notice of Investigation, he failed to file a sworn response in accordance with Bar Rules.

Although protecting the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct is the primary purpose of a disciplinary action, this Court is also concerned about the public's confidence in the profession generally. See *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011); *In the Matter of Skandalakis*, 279 Ga. 865 (621 SE2d 750) (2005); *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994). Reviewing the record in this case, we agree that Jones violated Rules 1.3, 1.4, and 9.3, and find in aggravation that he knowingly failed to perform services thereby causing serious injury to his client in the form of a lost claim and an adverse judgment; that he obstructed the disciplinary proceedings by not responding to the notice of investigation; and that he has substantial experience in the practice of law. Jones has offered no factors in mitigation of punishment, although it appears that he has no prior disciplinary history.

Given the facts of this case, we believe that Jones's wholesale abandonment of his client merits more than a reprimand of any sort, but find disbarment unwarranted at this time. See *In the Matter of Livingston*, 285 Ga. 173 (674 SE2d 878) (2009) (one-year suspension for abandonment of a client matter; failure to respond to disciplinary proceedings); *In the Matter of Zoota*, 272 Ga. 496 (532 SE2d 107) (2000) (one-year suspension with conditions for abandonment of a

client; no prior disciplinary history). Instead, we order that Respondent Tony C. Jones be suspended from the practice of law for a period of 18 months from the date of this opinion and that he repay his client the full amount of the judgment entered against him as a condition precedent to reinstatement. Jones is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension. All the Justices concur.*

DECIDED OCTOBER 3, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.