S11Y1598. IN THE MATTER OF KEESHA MARIE BROWN.

(717 SE2d 217)

PER CURIAM.

This matter is before the Court on the report and recommendation of the special master, John P. Webb, addressing seven matters involving Keesha Marie Brown (State Bar No. 088440). Brown has been suspended from the practice of law since February 1, 2010 based upon an order of this Court after she failed to respond adequately to a Notice of Investigation. Upon a review of the entire record, the Court concludes that disbarment is the appropriate sanction.

In February 2010 the State Bar filed notices of discipline against Brown, who was admitted in 2005, seeking her disbarment for violations in two matters. Brown rejected those notices, and the State Bar filed a formal complaint addressing those two matters and adding a third. It also filed a Rule 4-106 petition addressing Brown's misdemeanor conviction for theft of services, which was entered in 2010 and which imposed a one-year term of non-reporting probation and required payment of a fine and that Brown undergo counseling. Brown initially filed a petition for voluntary discipline addressing the three matters raised in the formal complaint, and then, five days before the special master's scheduled hearing, she filed an amended petition that addressed four additional matters that were before the Investigative Panel, including her misdemeanor conviction, and at that time sought a one-year suspension, nunc pro tunc to the time she entered her guilty plea to the misdemeanor charge. The State Bar did not object to having all seven matters considered in the hearing.

Following the hearing, the special master issued his report and recommendation addressing all seven matters. In the matter involving her conviction, the special master found that while working as a public defender in 2008 Brown agreed with an inmate at a county jail facility, who was not her client, to accept calls from him with the costs of the calls being routed to another number. In the other matters the special master found that while working in private practice in 2008 and 2009, Brown completely abandoned six clients from whom she had accepted fees for representation, accepted representations that required travel far from her home and office when she did not have reliable transportation, accepted one representation in an area with which she had no competence or experience, moved out-of-state without properly withdrawing from cases pending in court, failed to return the clients' files when requested to do so and has never returned them, and failed to return unearned fees. With respect to the issue of not properly withdrawing from her clients' cases, Brown testified that she did not know how to withdraw, no one has told her the proper way to withdraw, and even though she has read the rules and searched for an answer, she still does not know how she should have done it. With respect to the failure to return clients' files, she testified that she has been unable to retrieve the files, despite trying to do so for a year because the files are in storage at the home of a friend in Conyers, she does not have a car, and when she can get a ride to Conyers, she has not been able to contact her friend.

The special master found that by this conduct Brown violated Rules 1.1, 1.3, 1.4, 1.16 (a) (1), (2), (c), (d), 3.2, 8.4 (a) (3) and 9.3, all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.1, 1.3 and 8.4 (a) (3) is disbarment, while the maximum sanction for a violation of Rules 1.4, 1.16, 3.2 and 9.3 is a public reprimand.

The special master considered in mitigation Brown's statements at the hearing that she did not have adequate financial resources, she had traveled to Wisconsin to care for her ailing father and she experienced her own health issues including heart palpitations and a diagnosis of heart problems. But the special master also noted that Brown did not provide any evidence of her health concerns, and none appears in the record. The special master also considered that Brown had no prior disciplinary record and seemed remorseful. In aggravation of discipline, the special master noted the pattern of misconduct and the existence of multiple offenses. The special master, based upon the State Bar's recommendation at the hearing, recommended that Brown be suspended for two years with specified conditions.

Having reviewed the record, we accept the special master's findings of fact, which are amply supported by the record. However,

the record also shows that Brown has failed to take responsibility for her actions and appears intent on blaming others for her own errors in judgment. Considering the record as a whole, the multiple offenses, the seriousness of the offenses, the importance of protecting the public from attorneys who are not qualified to practice law due to incompetence, and the need for public confidence in the profession, see generally *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011), the Court determines that disbarment is the appropriate sanction. See *In the Matter of Evans*, 289 Ga. 744 (715 SE2d 131) (2011) (disbarring attorney who abandoned three clients, failed to return their files and failed to refund unearned fees).

Accordingly, it is hereby ordered that the name of Keesha Marie Brown be removed from the rolls of persons authorized to practice law in the State of Georgia. Brown is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 17, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.