## S12Y0468. IN THE MATTER OF LISA M. CUMMINGS.
### (728 SE2d 688)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of the special master, James Charles Thornton, who recommends an 18-month suspension with conditions on reinstatement for Respondent Lisa M. Cummings (State Bar No. 201865) for her violation of Rules 1.3, 1.4, 1.16 (d) and 8.4 (a) (4) of Bar Rule 4-102 (d) in connection with her representation of two clients in a single matter.

Because Cummings failed to timely answer the properly served formal complaint, the following facts are deemed admitted. In May 2009, Cummings, who has been a member of the Bar since 1996, was retained by two clients to assist them in a business venture. Cummings agreed to create a limited liability corporation and a non-profit corporation for the clients. Although she accepted a check for $2,500 as payment of her retainer and cashed the check, she never sent her clients a receipt or a legal contract for her services, as promised, nor did she ever perform the services for which she was hired. She met with the clients in July 2009, at which time she reaffirmed her obligation to set up the corporations and apologized for the delay in doing so. The clients spoke by phone with Cummings through August 3, 2009, about her progress on their work, but after that she ceased all communication with the clients. Cummings also failed to respond to a certified letter the clients sent to her in October 2009. Eventually, the clients were able to have their work done by another attorney, and they filed a grievance against Cummings. Cummings acknowledged the resulting notice of investigation, but she provided false information in her initial response to the grievance, claiming that she was never hired by the clients to do any work and that the $2,500 check was meant to pay for marketing services to be provided by a third party who was present at the first meeting between Cummings and the clients. When efforts to resolve this matter failed, the Investigative Panel of the State Disciplinary Board issued the formal complaint.

After reviewing the record, we agree with the special master that Respondent's actions violated Rules 1.3, 1.4, 1.16 (d) and 8.4 (a) (4). A single violation of Rules 1.3 or 8.4 (a) (4) may be punished by disbarment.

The special master noted in mitigation that Cummings had no prior disciplinary history.[1] In aggravation, the special master noted that this case involves multiple violations, that Cummings failed to comply with disciplinary procedural rules, that she refused to acknowledge the wrongful nature of her conduct, and that she has substantial experience in the practice of law. The special master also noted some concerns about Cummings's mental condition. The special master recommended that Cummings be suspended for 18 months, with reinstatement conditioned on the submission of documentation to the Bar's Office of General Counsel proving that she has refunded $2,500 to her clients and that she had been evaluated by a psychiatrist approved by the State Bar who is of the opinion that she is fit to resume the practice of law. See *In the Matter of Jones*, 289 Ga. 835 (716 SE2d 222) (2011) (18-month suspension for abandonment of a client and failure to respond to disciplinary matters); *In the Matter of O'Brien-Carriman*, 288 Ga. 239, 240 (702 SE2d 635) (2010) ("Making false statements to the Bar during the disciplinary process is a very serious matter which typically results in, at least, a significant suspension from the practice of law."); *In the Matter of Favors*, 283 Ga. 588 (62 SE2d 119) (2008) (three-year suspension where Favors, in relevant part, submitted false information and fabricated documents to the Bar during its investigation of her actions).

We find the special master's recommended discipline to be appropriate. Cummings is reminded of her duties under Bar Rule 4-219 (c).

*Eighteen-month suspension with conditions. All the Justices concur.*

DECIDED JUNE 25, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

---

[1] She now has two other disciplinary actions pending against her. See Case Nos. S12Y1443 and S12Y1461. While we do not consider those pending actions in making our decision today, we note that the level of discipline, if any, imposed in them may be increased due to the discipline we impose in this case. See *In the Matter of Adams*, 289 Ga. 435, 436-437 (711 SE2d 627) (2011).