S12Y1443, S12Y1461. IN THE MATTER OF LISA M. CUMMINGS (two cases).
(732 SE2d 755)

PER CURIAM.

These disciplinary matters are before the Court on two Notices of Discipline seeking the disbarment of Lisa M. Cummings,[1] who became a member of the State Bar of Georgia in 1996 and was suspended from the practice of law for 18 months in April 2012, with reinstatement conditioned upon a psychiatric evaluation that she is fit to resume the practice of law. *In the Matter of Cummings*, 291 Ga. 310 (728 SE2d 688) (2012). In the disciplinary actions now before us, Cummings acknowledged service of the notices of investigation, but the attempts of the State Bar of Georgia to serve Cummings personally with the notices of discipline at the address listed with the State Bar resulted in the sheriff's return of service non est inventus. The State Bar then properly served Cummings by publication pursuant to Rule 4-203.1 (b) (3) (ii) of the Georgia Rules of Professional Conduct. Since Cummings failed to file a Notice of Rejection in either matter, she is in default, has waived her rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Rule 4-208.1 (b).

The facts in S12Y1443, as deemed admitted by virtue of Cummings's defaults, show that Cummings was employed from July 1 - September 15, 2010, as a contract attorney with the Office of the Public Defender for the City of Atlanta. A review by city officials of invoices Cummings submitted showed she sought and received payment for work she did not perform, with the falsified invoices totaling $2,754. Following this review, her contract was terminated and the Interim Director of the Public Defender's Office and the chief judge of the municipal court filed grievances with the State Bar of Georgia. In the unsworn response Cummings filed to the notice of investigation, she made false allegations of improper conduct against city officials, including the interim director and the chief judge. Based on these facts, the Investigative Panel of the State Bar of Georgia found that Cummings had violated Rule 8.4 (a) (4) (an attorney shall not engage

[1] State Bar of Georgia No. 201865.

in professional conduct involving dishonesty, fraud, deceit or misrepresentation), and Rule 9.3 (during the investigation of a grievance filed with the State Bar, the attorney complained against shall respond to disciplinary authorities in accordance with the Rules of the State Bar). The maximum punishment for a violation of Rule 9.3 is a public reprimand, while the maximum punishment for a violation of Rule 8.4 (a) (4) is disbarment. In aggravation of discipline, the Investigative Panel considered Cummings's deceit and her prior disciplinary record.

The facts related to the second matter, S12Y1461, show that two weeks after her contract with the Atlanta public defender was terminated, Cummings was retained by a client to file suit against the university at which the client was enrolled. The client paid Cummings a $5,000 fee with two personal checks. At Cummings's request, the client subsequently provided certified funds to replace one of the personal checks, and Cummings assured the client the previously-delivered personal check would be destroyed. Despite her receipt of the certified funds, Cummings did not destroy the personal check and presented it to the client's bank for payment, where it was not honored due to insufficient funds. Cummings failed to file suit or take any other action on the client's behalf and lied to the client about her communications with the university. After Cummings failed to comply with the client's requests for payment receipts and for copies of Cummings's written communications with the university, Cummings sent the client an e-mail withdrawing as her counsel. Thereafter, Cummings failed to return the client's documents or unearned fee and failed to provide an itemized statement. After the client filed her grievance against Cummings with the State Bar, the State Bar served Cummings with a Notice of Investigation, to which Cummings filed a sworn response in which she made false allegations of improper conduct by the client in an effort to mislead the Investigative Panel about her own misconduct.

Based on these facts, the Investigative Panel found that Cummings's conduct violated Rule 1.3 (a lawyer shall not without just cause willfully abandon or willfully disregard a legal matter entrusted to the lawyer); Rule 1.4 (a lawyer shall keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information); Rule 1.16 (d) (a lawyer, upon termination of representation, shall take reasonable steps to protect a client's interests, such as surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned); Rule 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the client's interests); and Rule 8.4 (a) (4) (a lawyer shall not engage in professional conduct

involving dishonesty, fraud, deceit, or misrepresentation). The maximum sanction for a violation of Rules 1.3 and 8.4 (a) (4) is disbarment, with a public reprimand the maximum violation for the remaining rules. In aggravation of discipline, the Investigative Panel considered Cummings's deceit, her abandonment of her client's case, and her prior disciplinary record.

Having reviewed the records and keeping in mind the importance of protecting the public from attorneys not qualified to practice law due to incompetence or unprofessional conduct, and the need for public confidence in the profession (*In the Matter of Ortman*, 289 Ga. 130-131 (709 SE2d 784) (2011)), we conclude that disbarment is the appropriate sanction in these matters. See *In the Matter of Brown*, 289 Ga. 912 (717 SE2d 217) (2011) (attorney disbarred for violating Rules 1.1, 1.3, 1.16 (a), (c), (d), 3.2, 8.4 (a) (3), and 9.3); *In the Matter of Eaton*, 286 Ga. 28 (685 SE2d 279) (2009) (attorney disbarred for violating Rules 1.2, 1.3, 1.4, 1.16, 3.2, 3.3, 8.4 (a) (1), (4), and 9.3). Accordingly, it is hereby ordered that the name of Lisa M. Cummings be removed from the rolls of persons authorized to practice law in the State of Georgia. Cummings is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 1, 2012.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.