In the Supreme Court of Georgia

Decided:    October 5, 2015

S15Y1641.  IN THE MATTER OF TONY C. JONES.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation from special master James W. Hurt, recommending that the Court accept the petition for voluntary discipline filed by Respondent Tony C. Jones (State Bar No. 403935) and impose on Jones an additional 12-month suspension with conditions on reinstatement. Jones, who has been a member of the Bar since 1984, currently is suspended from the practice of law pursuant to two Supreme Court opinions, the first of which suspended him for 18 months with reinstatement conditioned on him repaying his client the full judgment entered against him, see In the Matter of Jones, 289 Ga. 835 (2011) ("Jones I"), and the second imposing an additional six-months suspension with conditions on reinstatement in order to resolve three additional client grievances, see In the Matter of Jones, 292 Ga. 310 (2013) ("Jones II") (reinstatement conditioned on repaying fees to one client, submitting a second matter to fee arbitration, and

providing psychologist/psychiatrist's certification that Jones is fit to return to practice of law). The State Bar is not opposed to the petition, and we agree that the requested punishment is sufficient given the facts of this case.

In the petition for voluntary discipline, which seeks to resolve three separate disciplinary matters, Jones admits that, with regard to State Disciplinary Board ("SDB") Docket No. 6484, in or around January 2011 he was retained to defend a client against criminal charges and was paid $4,000 for the representation. When Jones was suspended on October 3, 2011, he contacted the client and informed him that he could no longer provide the representation. Jones offered to refund any unearned fees, but was unable to do so before the client filed a grievance with the State Bar. Although the Investigative Panel properly served Jones with the Notice of Investigation, he failed to timely respond, thereby violating Rule 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Thereafter, Jones resolved the refund matter with his client.

With regard to SDB Docket No. 6485, Jones admits that in or about December 2009, a client retained him to defend against criminal charges of sexual assault and failure to register as a sex offender, along with a probation

revocation action based on the new criminal charges. After a hearing, the client's probation was revoked, and he decided to enter a plea on the new charges, which he did on July 8, 2010. Although Jones believes that he told his client that his representation ended with the plea, and that he would need new counsel for any appeal since one of the bases for an appeal might be ineffective assistance of counsel, the client apparently did not understand. After the plea, the client wrote Jones three letters regarding an appeal, but Jones claims that he never received the letters and therefore did not respond to them. Once again, although the Investigative Panel served Jones with the Notice of Investigation, he failed to timely respond. In this matter, Jones admits that he violated Rules 1.4 and 9.3 of the Georgia Rules of Professional Conduct.

Finally with regard to SDB Docket No. 6486, Jones admits that in or about June 2009, a client's family retained him to defend the client against armed robbery charges. After the client's first trial ended in a mistrial, he was indicted on additional armed robbery charges. The new trial was set for September 23, 2009. On that day, at a time when Jones was not "in good standing" with the State Bar due to his failure to pay dues, see Bar Rule 1.203, Jones appeared on the client's behalf and the client agreed to plead guilty to resolve all of the

3

charges against him. The agreement apparently called for a sentence of 20 years, with credit for time served (which would have been close to three years). Jones states that he recommended that the client accept the plea based on the complexity of the case, the number of counts, the fact that a co-defendant had turned State's witness, and the fact that the trial court denied a request for a continuance. Jones believes that he adequately explained the client's sentence prior to the plea, telling the client and his family that the law required the client to serve at least ten years, but that thereafter he would be eligible for parole. The client's family maintains, however, that Jones told them that the sentence contained a guarantee of probation after ten years. In the end, the client was sentenced to 20 years to serve, with no credit for time already served. When the family realized that the client was not guaranteed probation after ten years, and that he had not received credit for time served, they contacted Jones and asked that he take action to correct the sentence. In June 2010, Jones wrote a note to the family indicating that he would look into correcting the sentence or withdrawing the plea, but he did not follow through on either action and the time allowed for withdrawing the plea had already expired. Again, Jones failed to respond to a properly-served Notice of Investigation. He admits that he

4

violated Rules 1.3 and 9.3 of the of the Georgia Rules of Professional Conduct with regard to this matter. The maximum sanction for a single violation of Rule 1.3 is disbarment, while the maximum sanction for a violation of Rule 1.4 or 9.3 is a public reprimand.

We agree with the special master that this is a difficult disciplinary matter. We note in aggravation that Jones' prior disciplinary history evidences a pattern of misconduct; that this petition covers multiple offenses; and that Jones has substantial experience in the practice of law. In mitigation, we note, as did the special master, that *all* of the grievances in Jones' several matters (including these) arose from conduct that occurred between 2009 and 2011, during which time Jones was struggling with personal problems and mental health issues (for which he is now receiving treatment) and that Jones' failings in these cases are symptomatic of the same problems that led to his earlier suspensions. We further note that Jones lacked a dishonest or selfish motive' that he was suffering through personal and emotional problems; that he accepts responsibility for his errors, for which he is remorseful; and that once he became engaged in these disciplinary proceedings, he has exhibited a cooperative attitude.

In disciplinary cases, each case must be largely governed by its particular

facts, with consideration given to whether the punishment imposed will serve as an appropriate penalty to the offender, a deterrent to others, and an indication to laymen that the courts will maintain the ethics of the profession, see In the Matter of Dowdy, 247 Ga. 488, 493 (277 SE2d 36) (1981). And, given the record in this case, the Court finds that the requested discipline strikes an appropriate balance between punishment and public protection. Accordingly, the Court hereby accepts Jones' petition for voluntary discipline and, accordingly, orders that Jones be suspended for a period of 12-months to run concurrent with his current suspensions; that he refund, within eight weeks of this order, $2,000 to the mother of the client referenced in SDB Docket No. 6486; and that he submit to binding fee arbitration with regard to his representation of the client referenced in SDB Docket No. 6486, if the client's mother requests such arbitration. At the conclusion of the suspension imposed in this matter, Jones may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions on reinstatement imposed in this matter and in Jones I, *supra* and Jones II, *supra*. If the State Bar agrees that all the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Jones is

6

reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. One-year suspension with conditions on reinstatement. All the Justice concur.