301 Ga. 52
FINAL COPY

S17Y0898.  IN THE MATTER OF JOHN BENNETH IWU.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Andrew Charles Hall, who recommends that the Court accept the petition for voluntary discipline filed by Respondent John Benneth Iwu (State Bar No. 143125) pursuant to Bar Rule 4-227 (c) after the Bar filed a formal complaint against him (docketed as State Disciplinary Board Docket No. 6770), and impose a public reprimand on Iwu for his admitted violation of Rule 5.5 (a) of the Georgia Rules of Professional Conduct, which carries a maximum penalty of disbarment. For the reasons stated below, this Court rejects the petition for voluntary discipline based on the particular facts of this case.

In his petition, Iwu, who has been a member of the Bar since 2006 (but is currently administratively suspended for non-payment of dues), admits that on August 20, 2014, he filed an answer and counterclaim on behalf of a client in the magistrate court of Fulton County, which constituted the practice of law

in Georgia, even though he failed to pay his annual membership fee due by September 1, 2013, or any year since, and thus, was not in good standing and was ineligible to practice law in Georgia.[1] Iwu admits that he violated Rule 5.5 (a) by filing the answer and counterclaim and admits that his statements in response to the formal complaint — in which he falsely stated that he was unaware of his suspension because someone else in his building signed off on his notice of suspension letter from the State Bar but never gave it to him, and claimed he believed he was eligible to practice law even though he had not paid his dues — were incorrect and that he sincerely regrets making them. Iwu states that he also regrets filing the pleading in Fulton County, which incorrectly suggested that he was eligible to practice law in Georgia, he is sincerely remorseful for having violated Rule 5.5 (a), and he expresses his sincere apology to the Investigative Panel, the special master, the magistrate court of Fulton County, and this Court. He makes all admissions of fact unconditionally and not contingent on this Court's acceptance of his petition.

In mitigation, Iwu asserts that he has cooperated with the State Bar in

---

[1] At the time of filing the petition, Iwu had failed to pay his annual membership fee for over three years.

submitting his petition; he fully accepts responsibility for his admitted conduct and expresses his sincere remorse for having violated Rule 5.5 (a); and he has no prior disciplinary history in Georgia. Iwu further notes that he was disciplined by the Board of Professional Responsibility of the Supreme Court of Tennessee for the same incident that gave rise to the formal complaint in this case and received a "Public Censure" as discipline. Iwu accordingly requests that this Court impose a public reprimand under Bar Rule 4-102 (b) (3).

The State Bar filed a response to his petition, raising no objection and asserting that a public reprimand is an appropriate discipline for practicing law in Georgia while not in good standing. See American Bar Association ("ABA") Standards for Imposing Lawyer Sanctions Standards 6.23 and 7.3. See also In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996). The State Bar further notes in mitigation that Iwu has no prior disciplinary history in Georgia, he was disciplined in Tennessee for the same conduct, and he has expressed his sincere remorse. See ABA Standards 9.32 (a), (k), and (l).

The special master issued his report and recommendation accepting Iwu's

admissions of fact and conduct. The special master states that, while Iwu does not admit violating either Rule 8.1 (a)[2] or 8.4 (a) (4)[3] for his initial comments in response to the formal complaint, he explicitly admits that he has been ineligible to practice law in Georgia since September 1, 2013 and admits that his statements otherwise in these disciplinary proceedings were incorrect and sincerely regrets them. The special master further states that, upon review of the petition and the State Bar's response, he accepts the circumstances that Iwu provided in his petition as mitigation and that a public reprimand is an appropriate discipline for practicing law while not in good standing because of a failure to pay the annual license fee, citing ABA Standards 3.0, 6.23, and 7.3. The special master further notes that a harsher discipline appears to be appropriate only in cases involving violations other than what has been presented by the facts and circumstances of this particular case. See, e.g., In the Matter of Burgess, 293 Ga. 783 (748 SE2d 916) (2013); In the Matter of

---

[2] "[A] lawyer . . . in connection with a disciplinary matter, shall not . . . knowingly make a false statement of material fact[.]"

[3] "It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

4

Levy, 284 Ga. 281 (664 SE2d 195) (2008).

This Court has reviewed the entire record and disagrees with the special master that a public reprimand with conditions is an appropriate level of discipline for Iwu's violations. Indeed, despite the existence of the mitigating factors found by the Bar and the special master, we find that Iwu's failure to admit violating either Rule 8.1 (a) or 8.4 (a) (4) and the pattern of deception evidenced by his false statements in an attempt to avoid culpability remain significant aggravating factors. Moreover, this conduct was at least in part intentional, and the standards cited by the Bar and the special master address negligent rather than intentional conduct. In light of the record as a whole, we reject Iwu's petition for voluntary discipline. Cf. In the Matter of Cummings, 291 Ga. 654, 654-655 (732 SE2d 755) (2012) (deceit under Rule 8.4 (a) (4) considered inter alia in aggravation of discipline).

Petition for voluntary discipline rejected. All the Justices concur.

Decided April 17, 2017.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett,

5

<u>Assistant General Counsel State Bar</u>, for State Bar of Georgia.