303 Ga. 539
FINAL COPY

S18Y0694.  IN THE MATTER OF JOHN BENNETH IWU.

PER CURIAM.

This is the second appearance of this disciplinary matter before this Court, as this Court previously rejected the petition for voluntary discipline filed by respondent John Benneth Iwu (State Bar No. 143125).  See In the Matter of Iwu, 301 Ga. 52 (799 SE2d 155) (2017).  Iwu, who has been a member of the Bar since 2006, sought by his earlier petition to receive a public reprimand for his admitted violation of Rule 5.5 (a) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d) for having filed an answer and counterclaim on behalf of a client while ineligible to practice law because of the non-payment of his State Bar membership fee.  However, this Court rejected Iwu's petition because he failed to admit to a violation of either Rule 8.1 (a) or 8.4 (a) (4), because his statements regarding the disciplinary matter evidenced a pattern of deception intended to avoid culpability for his conduct, and because the disciplinary standards referenced by the Bar and the Special Master in

connection with Iwu's petition addressed negligent rather than intentional conduct. See Iwu, 301 Ga. at 54.

This matter is now before the Court on the report and recommendation of Special Master Andrew C. Hall, who recommends that Iwu be disbarred for his violations of Rules 5.5 (a), 8.1 (a), and 8.4 (a) (4), the maximum sanction for a violation of any of which is disbarment. As to the Rule 5.5 (a) matter out of which all of this arose, the allegations regarding Iwu's conduct remain the same: as mentioned above, Iwu appeared as counsel for a client at a time when he had not paid his Bar membership fee and, as a result of this non-payment, was not eligible to practice law. This Court's conclusion that Iwu's earlier petition was due to be rejected for failing to admit violations of Rules 8.1 (a) and 8.4 (a) (4) arose from admissions he made in connection with that petition, specifically that statements he made in response to the formal complaint — to the effect that he was unaware of his suspension because someone else had received the notice and not transmitted it to him and that he believed that he was eligible to practice law despite his non-payment of dues — were incorrect. Although Iwu attempted to withdraw his admissions following this Court's rejection of his petition, the special master found that his admissions were made without being

2

conditioned on this Court's acceptance of his petition and rejected his request to withdraw the admissions.

In examining the facts supporting Iwu's violations of Rules 8.1 (a) and 8.4 (a) (4), the special master considered the false statements made to Iwu's client (in the matter giving rise to the Rule 5.5 (a) violation), to the Investigative Panel of the State Disciplinary Board, and to the State Bar's Office of General Counsel. As to the client, the special master found that Iwu's filing on behalf of the client constituted a misrepresentation violative of Rule 8.4 (a) (4) because the filing carried with it a representation that the lawyer was eligible to practice law, a representation Iwu then knew to be false. The special master concluded, based on the record before him, that the evidence did not support that Iwu had actual knowledge of his suspension based on the notice transmitted to him by the State Bar or that he had intended to make a false or misleading statement to the Investigative Panel regarding a conversation he had with an unauthorized-practice-of-law investigator. However, in considering Iwu's statements to the Office of General Counsel — to the effect that he would check the Bar's website from time to time during the period of time at issue and that the website never showed that he was ineligible to or suspended from practice — the special

3

master found credible the testimonial and documentary evidence submitted by the Bar that belied Iwu's assertion; noted that, when presented with this evidence, Iwu equivocated and became evasive; and ultimately concluded that Iwu's statement to the Office of General Counsel was false and intentionally misleading and that he therefore violated Rules 8.1 (a) and 8.4 (a) (4).

In mitigation of discipline, the special master noted that Iwu has no prior disciplinary history in Georgia and has no disciplinary history in Tennessee except for a public reprimand imposed by that State for the same filing that is the subject of the Rule 5.5 (a) violation in this matter, that he has already been sanctioned for some of the conduct at issue here by the imposition of that Tennessee reprimand, and that he has been under suspension in Georgia since July 1, 2014. In aggravation, the special master notes that Iwu's conduct involved multiple, independent offenses; that he submitted false statements during the disciplinary proceedings; that he has refused to acknowledge, and has consistently sought to diminish, the wrongful nature of his conduct; and that he possesses substantial experience in the practice of law. The special master explained that, had the matter remained merely the underlying Rule 5.5 (a) violation, he would have been (and was previously) inclined to conclude that a

4

much less serious sanction of a public reprimand would have been appropriate, but that, given Iwu's intentionally false and misleading statement to the Bar during these disciplinary proceedings, disbarment was the appropriate sanction here. Iwu did not file exceptions to the special master's report to challenge his findings and conclusions.

Having reviewed the record, we agree with the special master that a harsh sanction is warranted here. Indeed, "[m]aking false statements to the Bar during the disciplinary process is a very serious matter which typically results in, at least, a significant suspension from the practice of law." In the Matter of O'Brien-Carriman, 288 Ga. 239, 240 (702 SE2d 635) (2010). See also In the Matter of Friedman, 270 Ga. 5, 6 (505 SE2d 727) (1998). However, in light of the mitigating circumstances, particularly Iwu's lack of prior disciplinary history, we believe that a harsh sanction short of actual disbarment is the appropriate level of discipline to impose here. Iwu's initial violation of Rule 5.5 (a) for having filed an answer and counterclaim on behalf of a client while ineligible to practice law may have subjected him to the much less serious sanction of a public reprimand rather than a suspension or disbarment. But, through Iwu's choice to lie to the Bar during the disciplinary proceedings in an

5

effort to avoid taking responsibility for his actions, he only exacerbated his own problems by subjecting himself to more serious sanctions. His false statement to the Bar could have led to his disbarment, but, in light of the mitigating circumstances, we believe that a three-year suspension is the appropriate level of discipline to impose. See In the Matter of Favors, 283 Ga. 588 (662 SE2d 119) (2008) (imposing a three-year suspension on attorney with no prior disciplinary history where attorney used settlement funds for her own personal benefit; overdrew her attorney trust account; and submitted false information and fabricated documents to the Bar during its investigation of her actions). Accordingly, John Benneth Iwu is hereby suspended for a period of three years from the date of this opinion. Iwu is reminded of his duties under Bar Rule 4-219 (c).

Three-year suspension. All the Justices concur.

Decided April 16, 2018.

Suspension.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.